UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLYDE A. ARTERBURN, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC. dba/aka Home Depot, a Foreign Corporation,<br><br>  Defendant. | CASE NO. C22-0408 RSM<br><br>ORDER ON LCR 37(a)(2) SUBMISSION |

This matter comes before the Court on the parties' "LCR 37(a)(2) Submission Regarding Fed. R. Civ. P. 30(b)(6) Notice and Deposition," Dkt. #20. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). After reviewing the briefing and attached declarations, the Court ORDERS as follows:

ORDER - 1

1. **Topic No. 4: The purpose of the extruding pipe involved in this incident and reason for its placement at that location in the Home Depot Store.**

Plaintiff's Complaint alleges that Plaintiff tripped over a metal basket which was placed over the extruding pipe. Dkt. #1-1 ¶ 8. Although some evidence gathered so far indicates Plaintiff did not trip over the pipe, Plaintiff is permitted to ask questions on this topic because this inquiry is relevant to Plaintiff's claims as alleged in the Complaint and it is proportional to the needs of the case.

2. **Topic No. 5: Whether the extruding pipe involved in this incident, and its location in this Home Depot, is part of the standard construction of Home Depot Stores.**

The Court agrees it would be unduly burdensome for Home Depot to prepare a response on the "standard construction" of its stores. Furthermore, Home Depot has apparently answered Plaintiff's request: "There is no 'standard construction' where each Home Depot store is identical." Dkt. #20 at 6.

3. **Topic No. 7: Surveillance camera locations in this Hope Depot, specifically the location of the cameras in the area where Plaintiff fell. This topic includes the location of cameras in that area in 2020 and whether those cameras have been moved since then.**

The Court agrees that Plaintiff is permitted to inquire on the location of the cameras in the area where Plaintiff allegedly fell at the time of the incident and subsequent changes to cameras in that location. Such is relevant, tailored, and proportional to the needs of this case.

4. **Topic No. 8: The identi[ty] of all people involved in the maintenance and operation of the surveillance camera system at Home Depot at the time of this incident.**

The parties have inadequately briefed this topic. However, given the information submitted, the Court agrees that Plaintiff is permitted to inquire on this topic.

5. **Topic No. 9: The identity of all people responsible for setting the location of surveillance cameras at this Home Depot at the time of this incident.**

The parties have again inadequately briefed this topic. It strikes the Court that the identities of the people responsible for setting camera locations is a topic too far removed from what could be relevant to the existing claims. There is no allegation that the camera locations or subsequent inadequate investigation led to a cause of action for Plaintiff. Plaintiff is permitted to inquire on this topic.

6. **Topic No. 13: The location of designated walkways in this Home Depot from 2020 through present, and any steps taken by Home Depot to communicate that information to customers and employees.**

The request is vague and lacks reasonable particularity. It is unclear how a 30(b)(6) deponent could answer this question. Information concerning "designated walkways" may be a matter for expert testimony. Plaintiff is permitted to inquire on this topic.

7. **Topic No. 17: Home Depot's position and/or opinion as to how this incident occurred.**

Home Depot's 30(b)(6) deponent does not have factual information about how this incident occurred. The 30(b)(6) deponent's knowledge of Home Depot's legal strategy on how to defend this case is not discoverable and is protected by the work product doctrine. *See Schreib v. Am. Fam. Mut. Ins. Co.*, 304 F.R.D. 282, 288 (W.D. Wash. 2014) (holding that "the work product doctrine applies to the disputed Rule 30(b)(6) topics only to the extent that [Plaintiff]'s questions would require the deponent to divulge "mental impressions, conclusions, opinions or legal theories" that [Defendant]'s attorneys *or*

ORDER - 3

*agents* formed after [Defendant] received [Plaintiff]'s IFCA notice.") (Emphasis added). Plaintiff is permitted to inquire on this topic.

8. **Topic No. 18: All other trip and fall incidents occurring near the exit where Plaintiff fell, at this Home Depot, for the three years prior to this incident through the present.**

Home Depot argues it has already identified trip and fall incidents near the exit where Plaintiff allegedly fell for three years prior to this incident. However, "[i]t is a regular and common practice to follow up on written discovery responses at deposition." *Corker v. Costco Wholesale Corp.*, No. C19-0290RSL, 2020 WL 6874480, at *2 (W.D. Wash. Nov. 23, 2020). Such is not unduly burdensome and Plaintiff is permitted to inquire on this topic.

9. **Topic No. 19: Home Depot's investigation of this incident, prior to filing this lawsuit.**

Home Depot is free to object to specific questions on this topic based on the work product doctrine or attorney client privilege and Plaintiff is free to tailor his questions to avoid those problems. Plaintiff is permitted to inquire on this topic.

10. **Topic No. 26: Home Depot's system for filing and indexing documents and/or electronically stored data regarding customer injury events occurring at its store locations.**

Plaintiff's Complaint has not alleged any deficiencies in Home Depot's filing and indexing system regarding customer injury events. Inquiry on this topic is not likely to lead to the discovery of relevant evidence in this case. Plaintiff shall refrain from asking these questions.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff is permitted to inquire into Topic Nos. 4, 7, 8, 18, and 19 as stated above.

DATED this 21st day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE