1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLYDE A. ARTERBURN, an individual,<br><br>          Plaintiff,<br><br>      v.<br><br>HOME DEPOT U.S.A., INC. dba/aka Home Depot, a Foreign Corporation.<br><br>          Defendant. | CASE NO. C22-408-RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Clyde Arterburn's Motion to Compel Discovery. Dkt #31.  Defendant Home Depot U.S.A., Inc. ("Home Depot") opposes the Motion. Dkt. #37.  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

## I.     BACKGROUND

On June 9, 2022, Plaintiff sent its first discovery requests to the Defendant. Dkt. #31. Plaintiff does not move to compel anything regarding the first set of discovery. Dkt. #37.  Plaintiff sent a second set of discovery requests to Defendant on June 13, 2023, which included three interrogatories and three requests for production. Dkt. #31.

Plaintiff's Interrogatory No. 1 states, "Please list the three leading causes of injury to customers at Home Depot (e.g. slipping, tripping, falling products) from the time of this incident

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL – 1

through present and provide the number [sic] those incidents per year." Dkt. #32-4 at 7. Interrogatory No. 2 asks, "How many customers shop at the Home Depot store location where this incident occurred, on average, on a daily basis?" *Id.* Finally, Interrogatory No. 3 states, "Please describe how Home Depot instructs and warns customers not to walk in a certain area within or outside its stores." *Id.*

Plaintiff's Request for Production No. 1 states, "Please produce any web-based training and annual training, as discussed in Defendant's 30(b)(6) deposition, from the time of this incident through present, regarding identifying tripping hazards and warning and protecting customer from same." *Id* at 8. Request for Production No. 2 states, "Please produce a copy of the file showing all training and testing that employees Taylor O. Harrow and Preston Beebe have completed at Home Depot." *Id.* Finally, Request for Production No. 3 states, "Please produce all documents regarding Home Depot's policies and procedures, from the time of this incident through present, on instructing and warning customers not to walk in certain areas within or outside its stores." *Id*.

Defendant asserts various objections to each of these requests—essentially that the requests are overbroad, vague and/or ambiguous, privileged, not relevant and/or inadmissible, seek legal conclusions, a dress rehearsal, and premature. *See* Dkt. #32-4.

## II.     DISCUSSION

### A.  Legal Standard

"The Federal Rules of Civil Procedure allow for broad discovery in civil actions." *Wilkerson v. Vollans Auto., Inc.*, No. 08-1501, 2009 WL 1373678, at *1 (W.D. Wash. May 15, 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B.  Plaintiff's Discovery Requests

#### i.    Interrogatory No. 1

With respect to the three leading causes of injury since the incident, Defendant argues that this interrogatory is unduly burdensome, overly broad, and has no connection to the case at hand.  Plaintiff, however, argues that this information is relevant because if tripping is a common cause of injury in Home Depot stores, this would tend to show that Defendant was on notice that tripping hazards are a danger to customers.  Considering the time frame of this request, and the fact that tripping is so ordinary a hazard, this request is not particularly helpful or proportional to the needs of this case.  Accordingly, the Court DENIES this portion of Plaintiff's Motion.

#### ii.    Interrogatory No. 2

Defendant asserts that this interrogatory is not relevant and overly broad, and that, in any event, it does not track the number of individuals who enter and exit a specific Home Depot store on a daily basis. Plaintiff argues that the average number of customers shopping at the Home Depot where the incident occurred is relevant to the analysis of foot traffic at entrances and exits of the store. Dkt. #41.  No further explanation for this request is argued.  Because Plaintiff has

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL – 3

failed to provide an explanation as to how the number of customers is relevant to his claims in this case, the Court DENIES this portion of Plaintiff's Motion.

### iii.    Interrogatory No. 3

Regarding customer instructions and warnings concerning potential hazards, Defendant objects that this request is harassingly overbroad, but nevertheless asserts that a sign was not present in the area where the Plaintiff fell because none was necessary. This Court finds that information regarding how Home Depot provides warnings regarding potential hazards to its customers via signage or instruction is relevant and narrowly tailored to the facts of this case. Therefore, the Court GRANTS this portion of Plaintiff's Motion and will direct Defendant to provide a full and complete answer.

### iv.    Request for Production No. 1

Defendant objects that the information sought here is both confidential and not reasonably limited in time. Further, Defendant contends that it already produced the training video pertaining to potential trip and fall hazards to the Plaintiff on May 24, 2023. *See* Dkt. #32-4. Nonetheless, Plaintiff argues that the request is relevant in proving whether Home Depot violated its policies in failing to remove or warn Plaintiff of potential danger regarding this incident. The Court finds that Defendant has adequately demonstrated that it has responded to this discovery request, and thus any remaining request is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Accordingly, the Court DENIES this portion of Plaintiff's Motion.

### v.    Request for Production No. 2

Regarding the request for the files of the employees who were present at the time of the incident, Defendant argues that this request is overly broad, vague, and lacks reasonable particularity. While the entire training files of the two employees are not relevant to the incident

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL – 4

in question, the Court finds that any training specifically relating to trip and fall hazards is relevant and proportional to the needs of this case. The Defendant has asserted it has already provided the Plaintiff with all training courses related to safety that were completed by Taylor O'Harrow and Preston Beebe. *See* Dkt. #38, Dkt. #42-2. Plaintiff does not disagree. The Court finds that the Defendant has adequately demonstrated that it has responded to this discovery request, and accordingly DENIES this portion of the Plaintiff's Motion.

### vi.    Request for Production No. 3

Defendant argues that even though this request is vague and overly broad, Home Depot did not have any policies or procedures in effect at the time of the incident which required any instruction or warning pertaining to the area which the Plaintiff fell. Plaintiff, however, relies on the same relevancy argument he asserted in Interrogatory 3. The Court finds that Home Depot has essentially answered the request and any further discovery request on this issue would be moot or not proportional to the needs of this case under Fed. R. Civ. P. 26(b)(1). Therefore, the Court DENIES this portion of the Plaintiff's Motion.

### III.    CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Plaintiff's Motion regarding Interrogatory No. 1 is DENIED;

2) Plaintiff's Motion regarding Interrogatory No. 2 is DENIED;

3) Plaintiff's Motion regarding Interrogatory No. 3 is GRANTED;

4) Plaintiff's Motion regarding Request for Production No. 1 is DENIED;

5) Plaintiff's Motion regarding Request for Production No. 2 is DENIED;

6) Plaintiff's Motion regarding Request for Production No. 3 is DENIED.

1    Defendant is directed to provide a full and complete response to Plaintiff's Interrogatory

2  No. 3 within 14 days of this order.

3    DATED this 14th day of September, 2023.

4

5

6

7    RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO
COMPEL – 6