UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLYDE A. ARTERBURN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. dba/aka Home Depot, a Foreign Corporation,<br><br>Defendant. | Case No. C22-408-RSM<br><br>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Home Depot U.S.A., Inc. ("Home Depot")'s Motion for Summary Judgment. Dkt. #29. Plaintiff Clyde Arterburn opposes. Dkt. #43. For the reasons stated below, the Court finds that Plaintiff has established a genuine dispute as to material facts precluding summary judgment dismissal of his claims. However, Home Depot's Motion will be granted as to the claims for Plaintiff's unrelated injuries and loss of earning potential/wages.

## II.     BACKGROUND

On September 21, 2020, at approximately 4:00 P.M., Mr. Arterburn tripped and fell at the Home Depot store located at 1100 NE C St. College Place, Washington ("Store"). Dkts. #30-1 and #30-2. Promptly after Mr. Arterburn's fall, emergency personnel were called, and he was transported by ambulance for medical treatment. *Id*.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 1

Mr. Arterburn alleges that as he was exiting the store, he tripped over a metal basket holder which had been placed over a pipe that protruded slightly from the floor. Dkt. #1. Home Depot claims that the pipe was from a previous Emergency Alert System ("EAS") that was removed, however, the basket holder was placed in the location with the purpose to hold baskets—not to cover the pipe. Dkt. #29. Nevertheless, there were no baskets in the wire frame holder at the time of the incident. Dkt. #43. Home Depot asserts that Mr. Arterburn's trip and fall was in no way caused by a pipe extruding from the floor of the store. Dkt. #29.

There is no dispute that the area where Mr. Arterburn walked and tripped over the basket, between a yellow bollard and a wall, was wide enough that he was able to pass through without twisting or adjusting his body in any way. Dkt. #44-1. Home Depot testified that the bollard was placed there to protect the edge of the building from heavy equipment, not to direct customers where to walk. Dkt. #44-8. It is undisputed that there were no signs or warnings to customers in the area where Mr. Arterburn tripped. *Id.*

### III.   DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Breach of Duty Claim**

In Washington, "[a] cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611 (2021). "Negligence is generally a question of fact for the jury and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts." *Bodin v. City of Stanwood*, 927 P.2d 240 (1996). For negligence claims based on premises liability, Washington has adopted the standards set forth in the Restatement (Second) of Torts, sections 343 and 343A (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343 (1965); *Iwai v. State*, 915 P.2d 1089 (1996).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 3

Generally, a business owner is liable to an invitee for an unsafe condition on the premises if the condition was caused by the proprietor or his employees, or the proprietor had actual or constructive notice of the unsafe condition. *Fredrickson v. Bertolino's Tacoma, Inc.*, 131 Wn.App. 183, 189, 127 P.3d 5 (2005), *review denied*, 157 Wn.2d 1026, 142 P.3d 608 (2006). An invitee is not required to prove actual or constructive notice of the hazardous condition, if the "nature of the proprietor's business and his methods of operation are such that the existence of [the] unsafe condition on the premises is reasonably foreseeable." *Johnson v. Wash. Liquor & Cannabis Bd.*, 187 Wn.2d 605, 622, 486 P.3d 125 (2021) (quoting *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 666 P.2d 888 (1983)).

In this case, the existence of duty, injury, and proximate cause are not in dispute. The issue is whether Home Depot breached its duty to Mr. Arterburn by failing to exercise reasonable care against the danger of tripping and falling.

Therefore, for Mr. Arterburn's claim to survive, he must provide sufficient evidence to create a genuine issue of material fact regarding whether Home Depot "should anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A, comment f (1965). A premises owner breaches its duty of care if an invitee is injured by an unsafe condition either caused by the proprietor or his employees, or the proprietor has actual or constructive notice of the unsafe condition. *Wiltse v. Albertson's,* 116 Wn.2d 452, 454, 805 P.2d 793 (1991). At trial, Mr. Arterburn must establish the existence of an unsafe condition, and must prove that the "nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable." *Pimentel*, 100 Wn.2d at 49, 666 P.2d 888.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 4

Home Depot contends that it cannot be liable for Mr. Arterburn's injuries and damages because the condition was not unreasonably dangerous and was otherwise open and obvious. Dkt. # 29.  Further, Home Depot alleges that the path Mr. Arterburn took when exiting the store was not reasonably foreseeable because Home Depot had "plainly taken reasonable care to mark the intended exit so that customers, like Plaintiff, could appreciate how to properly exit the store." *Id.*

Home Depot's arguments ask the Court to take on the role of trier-of-fact.  Because the Court must view the evidence in the light most favorable to Plaintiff, it cannot be said, as a matter of law, that the placement of the wire basket was not unreasonably dangerous, or that the path Mr. Arterburn took was not reasonably foreseeable. On this record, the determination of whether the placement of the wire basket holder was unreasonably dangerous, and whether a warning sign was required, are facts in material dispute which precludes summary judgement.

**C. Plaintiff's Other Medical Treatment and Unrelated Injuries**

Home Depot moves to dismiss Mr. Arterburn's claims regarding medical treatment involving unrelated injuries.  Mr. Arterburn does not dispute that his fall in February of 2021, treatment for renal failure in March of 2021, and treatment for his back and neck are not related to this incident. Dkt. #43 at 1.  Accordingly, the Court will grant this portion of the Defendant's Motion and dismiss any claim for damages regarding these incidents.

**D. Plaintiff's Future Damage and/or Wage Loss**

Mr. Arterburn does not dispute the dismissal of claims for past and future wage loss, loss of earning capacity and future economic damages. Dkt. #43 at 2. Accordingly, the Court will grant this portion of Defendant's Motion and dismiss any claim for past and future wage loss, loss of earning capacity, and future economic damages.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 5

## IV.  CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendant's Motion for Summary Judgment Dkt. #29, is DENIED IN PART as to liability;

2. Defendant's Motion for Partial Summary Judgement regarding Plaintiff's treatment for unrelated injuries, and future damage and/or wage loss and loss of earning potential, is GRANTED IN PART as stated above.

DATED this 25th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE