UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLYDE A. ARTERBURN, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. dba/aka Home Depot, a Foreign Corporation,<br><br>   Defendant. | Case No. C22-408-RSM<br><br>ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF EXPERT JOELLEN GILL |

     This matter comes before the Court on Defendant Home Depot U.S.A., Inc. ("Home Depot")'s Motion to Exclude Testimony of Joellen Gill. Dkt. #28. Plaintiff Clyde Arterburn opposes. Dkt. #36.

     On September 21, 2020, Mr. Arterburn tripped and fell at a Home Depot. Dkts. #30-1 and #30-2. Promptly after Mr. Arterburn's fall, emergency personnel were called, and he was transported by ambulance for medical treatment. *Id*.

     Mr. Arterburn alleges that as he was exiting the store, he tripped over a metal basket holder which had been placed over a pipe that protruded slightly from the floor. Dkt. #1. Home Depot claims that the basket holder was placed in the location with the purpose to hold baskets—not to cover the pipe. Dkt. #29. Nevertheless, there were no baskets in the wire frame holder at the time of the incident. Dkt. #43.

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 1

There is no dispute that the area where Mr. Arterburn walked and tripped over the basket, between a yellow bollard and a wall, was wide enough that he was able to pass through without twisting or adjusting his body in any way. Dkt. #44-1. Home Depot testified that the bollard was placed there to protect the edge of the building from heavy equipment, not to direct customers where to walk. Dkt. #44-8. It is undisputed that there were no signs or warnings to customers in the area where Mr. Arterburn tripped. *Id.*

Plaintiff's expert witness, Joellen Gill, reviewed (1) photographs of the incident location taken by her colleague, (2) Home Depot's supplemental discovery responses, and (3) the deposition transcripts of Plaintiff, Preston Beebe and Taylor O'Harrow. Dkt. #24-2 at 4. Ms. Gill relied on this photo, included in her Report filed with the Court:



Figure 1. Unmarked Wire Basket on Floor

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 2

In her report, she concludes that the area of the incident, between the yellow bollard and the wall, was a foreseeable pedestrian walkway approximately 40 inches wide. *Id*. at 5-6. She states that "typical aisles and walkways are 36 inches minimum." *Id*. at 6. She calculates the wire basket to be 13.75 inches tall, not by measuring it, but by using the known measurement of the bollard, 55 inches, and "[u]sing the assumption that the wire basked was ¼ the height of the bollard." *Id*. at 6–7. She opines on Home Depot's internal policies and procedures regarding keeping the aisles clear of tripping hazards and the use of merchandising displays. Dkt. #24-2 at 7-8. Ms. Gill states that an individual typically does not look at the ground in the immediate vicinity of their feet; rather, people typically direct their visual gaze towards their intended destination or target. *Id*. at 8. She discusses safety measures Home Depot could have used to prevent the incident or similar ones in the future.

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The party proffering expert testimony has the burden of showing the

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 3

admissibility of the testimony by a preponderance of the evidence. *Daubert I*, 509 U.S. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998).

As an initial matter, this Court must determine whether a witness is qualified as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Because the Rule "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).

The trial court must also ensure that the proffered expert testimony is reliable. Generally, to satisfy Rule 702's reliability requirement, "the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology." *Daubert II*, 43 F.3d at 1316. Toward this end, the Supreme Court in *Daubert I* set forth the following factors for the trial court to consider

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 4

when assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory, or technique is generally accepted within the relevant scientific community; (2) whether the method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the method, theory, or technique. *Daubert I,* 509 U.S. at 593-94. An expert opinion is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Id.* at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318).

Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert I*, 509 U.S. at 591. Thus, the party proffering such evidence must demonstrate a valid scientific connection, or "fit," between the evidence and an issue in the case. *Id.* Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 5

testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Because unreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact, the trial court should exclude such evidence. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001). Likewise, expert testimony that merely tells the jury what result to reach is inadmissible. Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

After reviewing the submitted materials, the Court assumes Ms. Gill is qualified as an expert and will begin with the question of relevancy, *i.e.* whether her testimony will assist the jury in understanding evidence or determining a fact in issue. Home Depot contends that her opinions are within a layperson's knowledge and therefore not necessary. Dkt. #28 at 12–13. Plaintiff barely addresses this point. *See* Dkt. #36 at 9 ("All that is required is that the expert testimony be helpful; not necessary. Ms. Gill's testimony clearly more than meets this 'low bar' in providing testimony that advances the two material aspects of Plaintiffs case: foreseeability of the space for customers to walk through and breach of the duty of care in keeping the walkway free of a hazard"). It is not enough for Plaintiff to correctly state the applicable law; Plaintiff must also analyze the content of Ms. Gill's testimony. The Court has done so and concludes the jury cannot receive appreciable help from Ms. Gill's testimony. Ms. Gill has reviewed the same evidence that will be presented to the jury—photos of the scene, exhibits, witness testimony—and stated observations that would be obvious to any layperson. The Court agrees with Home Depot that "[t]he normal life experiences of a jury would permit it to draw its own conclusions regarding the safety of the basket holder at the Home Depot store," because

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 6

"[j]urors would likely have visited similar stores, used similar shopping baskets that were stored in similar shopping basket holders and generally be aware of where and how shopping basket holders are located." Dkt. #28 at 12–13. The vast majority of Ms. Gill's opinions about foreseeable pedestrian walkways, Home Depot's policies for walkways and merchandising displays, and where a person looks when they shop are all within the knowledge and experience of ordinary lay people. This significantly undermines the relevancy of her testimony.

Home Depot also argues that her testimony as to whether Plaintiff went through a foreseeable walkway is not relevant or reliable because she incorrectly states that the width of the "walkway" chosen by Plaintiff was 40 inches, that number actually being the distance from the yellow bollard to the wall, not the distance between the bollard and the white cabinet pictured above. *Id*. at 10–11. Again, Plaintiff's response to this is woefully inadequate. Plaintiff maintains that "the question of inaccurate measurements is subject to dispute, and Ms. Gill relied on measurements her assistant provided." Dkt. #36 at 6. Plaintiff also cites his deposition testimony where he was shown the photo and stated that the white cabinet was "further back" at the time. *Id.* at 7. The Court will not act as a factfinder on the ultimate issues in this case, but it is unbelievable that Ms. Gill could accept her colleague's measurement of 40 inches for the "walkway" while at the same time relying on the photo above to determine facts about that walkway. She asserts that the basket is 13.75 inches tall, presumably based on eyeballing the photo above. In that photo, the basket dominates the "walkway," appearing to occupy somewhere from 80% to 100% of the space between the yellow bollard and the white cabinet. Taken together, Ms. Gill's testimony about the walkway is so inconsistent as to be irrelevant. The Court does not need to rule on the width of the walkway to conclude that Ms. Gill's testimony is unreliable, relying on subjective belief or unsupported speculation.

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 7

Given all of the above, and having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Home Depot's Motion to Exclude Testimony of Joellen Gill, Dkt. #28, is GRANTED.

DATED this 2nd day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOELLEN GILL - 8