UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLYDE A. ARTERBURN, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>HOME DEPOT U.S.A., INC. dba/aka Home Depot, a Foreign Corporation,<br><br>    Defendant. | Case No. C22-408-RSM<br><br>ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF EXPERT JOHN R. PETERSON |

This matter comes before the Court on Defendant Home Depot U.S.A., Inc.'s Motion to Exclude Testimony of John R. Peterson. Dkt. #27. Plaintiff Arterburn opposes. Dkt. #35.

The original deadline for expert witness disclosure was December 14, 2022. Dkt. #10 at 1. The Court extended the deadline for disclosure of Plaintiff's experts to May 17, 2023, with rebuttal experts to be disclosed by July 17. Dkt. #22. Rule 26(a)(2) requires expert witnesses like Mr. Peterson to provide a written report to accompany disclosure. Plaintiff did not disclose Mr. Peterson's report until July 17, 2023. *See* Dkts. #24 and #25. July 17 was also the last day of discovery. Dkt. #22. A jury trial is currently set for November 13, 2023. *Id*.

Mr. Peterson's report does not rebut the opinions of a defense expert witness until page 26. *See* Dkt. #26-3. The first 25 pages were clearly drafted as the type of expert report the Court would expect to see filed by the initial deadline for expert witnesses.

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOHN R. PETERSON - 1

Under Federal Rule of Civil Procedure 37(c)(1), "if a party fails to provide information or identify a witness are required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence… at a trial, unless the failure was substantially justified or is harmless." The rule discusses additional or alternative sanctions available on motion.

Mr. Peterson was clearly not hired as a rebuttal expert. The Court knows this because of the content and design of his report, as discussed above, and because Plaintiff does not so argue. Dkt. #35 at 1. ("Plaintiff concedes that the expert report… was not timely produced.") The Court finds that the disclosure was untimely under Rule 26(a)(2). The most obvious sanction would be to exclude this witness.

Plaintiff cites the legal standard for a court to consider dismissal as a sanction, *see id.* at 2. This is the incorrect standard because the Court is considering excluding a witness, not dismissal of Plaintiff's claims. Instead, exclusion of an improperly disclosed expert is "automatic," unless "the failure to disclose was substantially justified or harmless." *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

There are various factors to consider in determining whether or not the failure to disclose was substantially justified, however Plaintiff fails to provide *any* explanation for why Mr. Peterson was not disclosed in a timely fashion. The Court concludes that it was not substantially justified. Plaintiff says this "can be rendered harmless" by reopening discovery to allow for a deposition of Mr. Peterson "at Plaintiff's expense." Dkt. #35 at 2. This strikes the Court as inadequate for two reasons. First, reopening discovery would substantially delay this case, set for trial next month. Second, Defendant's financial burden would go beyond the cost of conducting Mr. Peterson's deposition; it would have to pay for its own expert to rebut Mr.

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOHN R. PETERSON - 2

Peterson's opinions and for defense counsel to revise preparations for trial. None of this is adequately addressed. The Court concludes that the failure to timely disclose was not harmless.

Plaintiff fails to move for any alternative sanction. The Court cannot imagine a more appropriate sanction and would not continue trial over the objection of Defendant given that trial has already been continued twice.

The Court need not address Defendant's many other reasons for excluding this witness.

Given all of the above, and having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Home Depot's Motion to Exclude Testimony of John R. Peterson, Dkt. #27, is GRANTED.

DATED this 2nd day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF JOHN R. PETERSON - 3